72 F.3d 128
NOTICE: Fourth Circuit Local Rule 36(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Christopher M. OROS, Defendant-Appellant.
UNITED STATES of America, Plaintiff-Appellee,
v.
ONE MALE JUVENILE, Defendant-Appellant.
 Nos. 95-5073, 95-5074.
 United States Court of Appeals,
Fourth Circuit.
 Submitted Oct. 31, 1995.
Decided Dec. 11, 1995.
 
 Russell L. McLean, III, Waynesville, Virginia, for Appellants. Mark T. Calloway, United States Attorney, Thomas R. Ascik, Assistant United States Attorney, Asheville, North Carolina, for Appellee.
 Before HALL, MURNAGHAN, and WILKINSON, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 Appellants challenge the sufficiency of the evidence to support their conviction of ginseng poaching in violation of 36 C.F.R. section 2.1. We have reviewed the record to determine if there was substantial evidence such that a reasonable trier of fact could have found the Appellants guilty beyond a reasonable doubt. United States v. Samad, 754 F.2d 1091, 1096 (4th Cir.1984) (quoting Glasser v. United States, 315 U.S. 60 (1942)); United States v. Tresvant, 677 F.2d 1018, 1021 (4th Cir.1982). We review the evidence in the light most favorable to the Government, and allow the Government all reasonable inferences from the facts established. Holloway v. McElroy, 632 F.2d 605, 641 (5th Cir.1980), cert. denied, 451 U.S. 1028 (1981); United States v. George, 568 F.2d 1064, 1069 (4th Cir.1978).
 
 
 2
 On August 27, near the beginning of ginseng poaching season, the Appellants arrived at the Great Smokey Mountains National Park very early in the morning, and left their truck well before dawn. They were found three miles from their truck in a rarely-visited area, they had no camping supplies and were six miles away from any campsite. It took them six and a half hours to traverse this distance, despite the fact that they took no "sitdown" breaks. They were found about a half a mile from where a park ranger had observed fresh digging, and they had fresh dirt on their hands and knees. The area in which the digging had occurred was ideal for ginseng growth, and the entire area was known for ginseng poaching. The Appellants carried sticks that had been modified for ginseng digging, and were useful only for that purpose. Finally, approximately six feet from the Appellants, the park ranger found two bags full of freshly dug ginseng roots lying on the ground. We find that these facts, taken with their logical inferences, present substantial evidence such that a reasonable trier of fact could find the Appellants guilty beyond a reasonable doubt. Accordingly, we affirm their convictions.
 
 
 3
 We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.
 
 
 4
 AFFIRMED.